**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **NO. 3:19-CR-37-GFVT-MAS** |
| **ELVIS PHILLIP HENSLEY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |

**REPORT & RECOMMENDATION**

The Court, on referral from the District Court, considers reported violations of supervised release conditions by Defendant Elvis Phillip Hensley. On December 2, 2014, United States District Judge Thomas A. Varlan sentenced Hensley to a 45-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charge of conspiracy to distribute 50 grams or more of methamphetamine. Hensley's terms of supervision included:

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall not commit another federal, state, or local crime.

[DE 1-2].

**BACKGROUND**

On December 20, 2019, the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging Hensley with violations of the conditions of his supervised release. Specifically, on July 29, 2019, Hensley submitted a urine sample which tested positive for methamphetamine and benzodiazepine on an instant testing device. Hensley subsequently

acknowledged use of those substances. This constitutes a Grade C violation. Hensley's methamphetamine and benzodiazepine use is also a violation of the Controlled Substance Act. Due to his prior drug conviction and the Sixth Circuit Court of Appeal's ruling that use is the equivalent to possession, Hensley's conduct is a Class E Felony. Per the United States Sentencing Guidelines, the latter offense is a Grade B violation. Hensley had previously reported violations for use of methamphetamine on December 6, 2017, and March 26, 2018. At that time UPSO recommended the Court take no action, and Hensley was referred to an in-patient facility for substance use disorder treatment. Hensley had another reported violation on May 18, 2019. As a result, the Court modified his supervised release by extending it one year. [*See* DE 1-3 and December 20, 2019 Supervised Release Violation Report].

The prior violations and Court action took place while Hensley was supervised in the Eastern District of Tennessee. On October 9, 2019, the Eastern District of Tennessee transferred jurisdiction to the Eastern District of Kentucky so that Hensley could live in Frankfort, Kentucky, to care for his elderly father.

## **PROCEDURAL HISTORY**

The Court conducted an initial appearance on the most recent alleged supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on January 7, 2020. [DE 6]. The Court advised Hensley of his constitutional rights. The United States did not request interim detention; thus, Hensley was not entitled to a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1)(A). The Court ordered he be released until a determination of his revocation status is reached.

At the final hearing on January 21, 2020, the Court found Hensley to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. For purposes of the Rule 32.1 proceedings, Hensley admitted the factual basis for the violations as described in the

2

Report. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 100].

The parties agree that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") propose a sentence of 8 to 14 months, with a statutory maximum of 36 months. *See* 18 U.S.C. § 3583(e)(3). There is no maximum term of supervised release that may be imposed. *See* 18 U.S.C. § 3583(b). Further, should Hensley's supervised release be revoked, the Court can re-impose an additional term of supervised release, up to a term of life. *See* 18 U.S.C. § 3583(h). The Grade B controlled substance violation makes this a mandatory revocation case. S*ee* 18 U.S.C. § 3583(g) and U.S.S.G. § 7B1.3; *see also United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000)("[T]he district court was correct in finding that it was required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)). Nonetheless, Hensley argued for no jail time, instead suggesting intermittent confinement or substance use disorder treatment as an alternative to incarceration. Hensley emphasized that he cares for his disabled father, has maintained employment with UPS and recently obtained a second job delivering pizza, and that he is very close to completing his term of supervised release on June 26, 2020. Hensley argued that incarceration at this point would seriously interrupt the progress he has made towards being a productive citizen post-incarceration.

The parties jointly recommended modifying the remaining term of supervised release to include eight consecutive weekends of confinement.

## **ANALYSIS**

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Hensley's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

3

Hensley's violation of the Controlled Substance Act is the most serious, being a Class E felony and Grade B violation. Accordingly, a Grade B Violation will be utilized for purposes of this proceeding. U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). The criminal history category established at sentencing is a Category III.

In recommending a sentence, the Court must consider the nature and circumstances of Hensley's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range. *See also United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Hensley's original conviction involved a conspiracy to distribute methamphetamine. [DE 1]. The Court record reflects that Hensley was purchasing and redistributing methamphetamine for almost a year and a half and was responsible for distributing at least 200 grams but less than 350 grams of a substance containing a detectable amount of methamphetamine over that time period. [Presentence Investigation Report at 5]. It appears that Hensley was a comparatively minor drug dealer in the larger conspiracy.

Hensley has admitted to being addicted to methamphetamine at the time of his arrest for the original offense. [Presentence Investigation Report at 11]. His current use and multiple possible drug screens while on supervised release indicate that he continues to struggle with his substance use disorder. Hensley's drug use, while not currently to the level of trafficking, is still dangerous to Hensley and those around him. 18 U.S.C. § 3553(c) ("to protect the public from further crimes of the defendant"). When looking at Hensley's history and characteristics, Hensley has several misdemeanor criminal convictions, including two for possession of a controlled substance.

4

The record and the testimony at the final hearing indicate that Hensley has struggled with methamphetamine abuse for many years, and it is a drug he returns to during challenging times. Hensley represented to the Court that his time in the in-patient treatment facility and the outpatient treatment that followed helped him tremendously in addressing his substance use disorder. Yet, when he returned to Frankfort to care for his father, he felt he no longer needed to seek ongoing treatment for his substance use disorder. The move and change in circumstance, however, led to a relapse. Hensley expressed deep regret for his actions while on supervised release, particularly because he recognized that his actions put him at risk of not being able to care for his disabled father. Hensley has committed himself to his job at UPS and may be able to advance in that position. In the meantime, he has taken on a second position as a pizza delivery driver to stabilize his financial position. Hensley has also sought mental health counseling to address some of the issues that lead him to use controlled substances. The probation officer suggested he be required to continue this counseling in addition to any additional terms of supervision the Court might impose.

Hensley proposes a sentence far below the Guidelines Range; in fact, the Guidelines and 18 U.S.C. § 3565 require revocation. The United States does not oppose modifying, rather than revoking, Hensley's term of supervision. 18 U.S.C. § 3583(d) requires the Court to "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d). The Court, in reviewing the record, finds that in this circumstance modification with substance use disorder treatment, rather than revocation of Hensley's supervised release, is appropriate. Hensley was candid with

the Court, stipulating and taking responsibility for his violations. Hensley pointed to the many positive steps he has taken towards sobriety and becoming a productive member of society. He further stressed that his father depends on his care. Hensley also notes that he is only a few months from completing his term of supervision.

The District Court imposed a 45-month term of imprisonment followed by a 3-year term of supervised release. This was far lower than the guideline range of 70 to 87 months, suggesting a harsher revocation sentencing. *See* U.S.S.G. 7B1.4 n.4 (counseling that when there was a downward departure at sentencing, "an upward departure may be warranted" on revocation); *see* 18 U.S.C. § 3553(a)(6) (considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Moreover, once he violated his release conditions in March 2018, he was given another opportunity to be released into inpatient treatment, and once again used methamphetamine in May 2019. The Court sanctioned him by extending (but not revoking) his term of supervision.

Although the Court does not think Hensley's behavior deserves the guidelines maximum, or even a term of incarceration, there must be a deterrent imposed to reprimand his misconduct and motivate behavioral change. 18 U.S.C. § 3553(b) ("to afford adequate deterrence to criminal conduct"). This is particularly true because of Hensley's repeated violations for the same offense; however, his repeated methamphetamine use also indicates he could benefit from additional substance use disorder treatment. Thus, the Court believes that modifying the conditions of Hensley's supervision to include eight consecutive weeks of 48-hours of intermittent confinement, mental health counseling, and substance use disorder treatment, is sufficient but not greater than necessary to punish and deter Hensley's conduct in violating his supervised release. The Court recommends the intermittent confinement commence at noon on Saturday until noon on Monday

so the confinement does not interfere with Hensley's work hours. The mental health counseling and substance use disorder treatment shall be for the remainder of term of supervision and shall be approved by USPO.

### IV.

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) Hensley be found guilty of all violations;

(2) The Court modify the current term of supervision to require:

    a. Eight consecutive weeks of intermittent confinement from noon Saturday until noon Monday, or another schedule as may be arranged by USPO to not interfere with Hensley's work schedule;

    b. Mental health counseling for the remainder to the term of supervision (to be approved by USPO);

    c. Substance use disorder treatment for the remainder of the term of supervision (to be approved by USPO); and

(3) The current term of supervision be allowed to expire on June 26, 2020.

Hensley preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    Entered this 30th day of January, 2020.

