UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>V.  )<br>  )<br>ELVIS HENSLEY,  )<br>  )<br>  Defendant.  )<br>  ) | Crim. No. 3:19-cr-00037-GFVT-MAS-1<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 10] filed by United States Magistrate Judge Matthew A. Stinnett. The Defendant Elvis Hensley is charged with two violations of his supervised release conditions. *Id.* at 1-2. For the reasons that follow, the Recommended Disposition [R. 10] will be adopted.

Judgment was originally entered against Mr. Hensley in December 2014, after he pled guilty to one count of conspiracy to manufacture fifty grams or more of methamphetamine. [*Id.* at 1; R. 1-2.] At that time, Mr. Hensley was sentenced to forty-five months of imprisonment, followed by a three-year term of supervised release. [R. 10 at 1.] Mr. Hensley began his initial term of supervised release in 2017 and has struggled to comply with the terms of his supervision since. *Id.* at 1–2.

On December 6, 2017 and March 26, 2018, the United States Probation Office charged Mr. Hensley with separate violations for methamphetamine use. *Id.* at 2. USPO recommended no action at that time and Mr. Hensley was referred to in-patient substance abuse treatment. *Id.*

On May 18, 2019, USPO again charged Mr. Hensley with a violation of his supervised release terms, stemming from methamphetamine use. *Id.* at 2, 6. As a result of this May 2019 violation, the Court extended Mr. Hensley's supervised release term by one year but did not order revocation. *Id.* at 2.

On December 20, 2019, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id*. at 1. Mr. Hensley made his initial appearance on January 7, 2020 and was remanded to custody at that time. [*Id.* at 2; R. 6.] The Report issued by the USPO charged Mr. Hensley with two violations, each stemming from his submission of a urine sample which tested positive for methamphetamine and benzodiazepine, and his later admission to use of those substances. [R. 10 at 1–2.] Specifically, Violation #1 alleges that Mr. Hensley violated the condition of his supervised release which requires him to refrain from any unlawful use of a controlled substance. *Id.* at 1. Such conduct would constitute a Grade C violation. *Id.* Violation #2 alleges that Mr. Hensley violated the condition which requires him to not commit another federal, state, or local crime. *Id.* at 1. Based on Mr. Hensley's prior drug conviction, use is the same as possession. *Id.* at 2. Therefore, his admitted use of methamphetamine is conduct in violation of 21 U.S.C. § 844(c), Possession of a Controlled Substance, a Class E Felony. *Id.* This conduct would constitute a Grade B violation. *Id.*

At the final hearing on January 21, 2020, Mr. Hensley competently entered a knowing, voluntary, and intelligent stipulation to both violations as charged in the Report. [See *id*. at 2–3; R. 9.] Instead of revocation, the parties jointly recommended modification of the remaining term of supervised release. [R. 10 at 3.] Specifically, the parties recommended modifying the remaining term to include eight consecutive weekends of confinement. *Id.* On January 30,

2020, Judge Stinnett issued a Recommended Disposition which recommended various modifications of Mr. Hensley's supervised release term, including mental health counseling and weekend confinement, as requested by the parties. *Id.* at 7.

Judge Stinnett appropriately considered the 18 U.S.C. § 3553 factors, as incorporated into 18 U.S.C. § 3583(e), in coming to his recommendation. *Id.* at 4. The current violations arising from Mr. Hensley's methamphetamine use are concerning given that the initial charges and conviction in this case resulted from the purchase and redistribution of methamphetamine. *Id.* Further, as noted by Judge Stinnett, his repeated violations resulting from such use indicate a continued struggle to stay clean. *Id.* While the recent violations do not involve trafficking, methamphetamine use itself can still result in danger to Mr. Hensley and those around him. *Id.*

The Court reminds Mr. Hensley that the primary wrong in the supervised release context is the violation of the Court's trust. To this point, Judge Stinnett noted that Mr. Hensley "expressed deep regret for his actions." *Id.* at 5. In particular, Mr. Hensley acknowledged that such behavior could impact his ability to care for his elderly father and to advance his career. *Id.* Indeed, the Court commends Mr. Hensley for the positive steps he has taken to improve his life in recent years. *Id.* However, the current violations are serious and, in light of the recurring nature of Mr. Hensley's violations, the Court must impose a deterrent to continue to motivate change. *Id.* at 6. The modifications recommended by Judge Stinnett accomplish this goal, while allowing Mr. Hensley to continue taking positive steps towards becoming a productive member of society.[1]

---

[1] Ordinarily, 18 U.S.C. § 3583(g) requires revocation where a supervised release defendant's use of methamphetamine results in a violation of 21 U.S.C. § 844(c). However, as clarified by Judge Stinnett in his recommendation, 18 U.S.C. § 3583(d) provides an exception from such revocation where a Court finds that, based upon the availability of substance abuse treatment programs,

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 7–8; *see* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Hensley submitted a waiver of allocation. [*See* R. 11.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Stinnett's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 10**] as to Defendant Elvis Hensley is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Hensley is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Defendant Hensley's Supervised Release is **MODIFIED** as follows:

    a. Mr. Hensley is to serve eight consecutive weeks of intermittent

---

revocation is not necessary.

confinement from noon Saturday until noon Monday, or another schedule as may be arranged by USPO to not interfere with Hensley's work schedule;

b. Mr. Hensley is to take part in mental health counseling for the remainder of the term of supervision (to be approved by USPO); and

c. Mr. Hensley is to take part in substance use disorder treatment for the remainder of the term of supervision.

4. The current term of supervision will be allowed to expire on June 26, 2020.

This the 25th day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge